Citation Nr: 1513853 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-37 017 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a left hip disability.

2. Entitlement to service connection for a left foot disability, to include as secondary to a left hip disability.

3. Entitlement to service connection for a right shoulder disability.

4. Entitlement to service connection for a left shoulder disability.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

A. G. Alderman, Counsel


INTRODUCTION

The Veteran served on active duty from January 1968 to December 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

In May 2013, the Veteran testified at a videoconference hearing. Unfortunately, VA was unable to prepare a transcript of the hearing due to audio distortions in the recording. The Veteran requested to appear for another hearing, thus the Board remanded this matter in September 2013 for the scheduling of a hearing.

A hearing was held on February 14, 2014, in Atlanta, Georgia, before Kathleen K. Gallagher, a Veterans Law Judge, who was designated by the Chairman to conduct the hearing pursuant to 38 U.S.C.A. § 7107(c), (e)(2) and who is rendering the determination in this case. A transcript of the hearing testimony is in the claims file.

In June 2014, the Board remanded this matter for additional development, which has been completed. See Stegall v. West, 11 Vet. App. 268 (1998). The Board observes that in the June 2014 remand, the Board referred the issues of entitlement to service connection for a spine disability, bilateral knee disability, bilateral ankle disability, numbness of the hands, depression, and posttraumatic stress disorder back to the Agency of Original Jurisdiction (AOJ) for initial adjudication. It does not appear that any action has been taken. As such, these issues are once again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Reason for Remand: To schedule a VA examination and obtain etiology opinions.

The Veteran filed a claim for service connection for a left hip disability and for left foot and bilateral shoulder disabilities, both to include as due to the left hip disability. During his hearing before the Board, the Veteran testified that he was injured during service while performing night maneuvers. He sought treatment for the left hip 1971 or 1972. The pain spread to his foot and then his shoulders. He indicated that he has been treated by several private providers since that time.

Service treatment records are not available. Of record are VA treatment records and records from the Veteran's private providers, including letters from his chiropractor, Dr. B.M., which indicate that the Veteran has residuals from an in-service injury. The Veteran had a VA Compensation and Pension examination in October 2014. The examiner did not address the private treatment records or letters from Dr. B.M. in the opinion report. The examiner also indicated that the Veteran failed to report for x-rays but noted that films from 2013 were available for review. As such, the Board finds that the examination report is inadequate for rating purposes. On remand, a new examination must be scheduled and x-rays obtained. Because the Veteran's service treatment records are not available for review, the Board finds it prudent to schedule a VA examination with an orthopedist or other physician specialist.



Accordingly, the case is REMANDED for the following action:

1. Obtain updated VA treatment records, if any.

2. Then schedule the Veteran for a VA examination with an orthopedist or other appropriate physician specialist to determine the nature and etiology of his left hip, left foot, and bilateral shoulder disabilities. The examiner must be provided access to the records on Virtual VA and VBMS. The examiner must indicate review of these items in the examination report. 

All indicated studies, including x-rays, must be completed.

The examiner should identify all diagnoses of the left hip, left foot, and bilateral shoulders. 

For each diagnosis of the left hip, the examiner must indicate whether it is at least as likely as not (50 percent or greater probability) that the disability had its onset during service, to include as due to the Veteran's fall while performing night maneuvers. 

For each diagnosis of the left foot and shoulders, the examiner must indicate whether it is at least as likely as not (50 percent or greater probability) that the disability had its onset during service, to include as due to the Veteran's fall while performing night maneuvers, or as secondary to the left hip disability, if any.

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.)

The Veteran is competent to report injuries during service. The examiner must address the Veteran's lay assertions as well as the private treatment records, including the letters from Dr. B.M. indicating that the Veteran has residuals from an in-service fall.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. If the examiner cannot respond without resorting to speculation, it should be explained why a response would be speculative.

3. Then, readjudicate the Veteran's claims on appeal. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case. Allow an appropriate period of time for response.


The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).








This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).